Gloria Jean PETERSON, Plaintiff–Appellant,

v.

TRI–COUNTY METROPOLITAN TRANSPORTATION DISTRICT OF OREGON, a municipal corporation, Defendant–Appellee.

No. 08–35558.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2009.

Filed Oct. 5, 2009.

Paul L. Breed, Paul L. Breed, P.C., Portland, OR, for Plaintiff–Appellant.

Keith M. Garza, Law Offices of Keith M. Garza, Oak Grove, OR, Jana Toran, General Counsel, Trimet, Portland, OR, for Defendant–Appellee.

Before: PREGERSON, RYMER, and TASHIMA, Circuit Judges.

MEMORANDUM *

After trial on Gloria Peterson's claim for violations of the Family and Medical Leave Act ("FMLA"), the jury reached a verdict in favor of her employer, Tri–County Metropolitan Transportation District of Oregon. Peterson now appeals the district court's order denying her motion for a new trial, arguing that the court impermissibly limited the scope of her closing argument at trial. We have jurisdiction under 28 U.S.C. § 1291, and affirm.[1]

1. Because the facts and prior proceedings are known to the parties, we restate them here only as necessary to explain our disposition.

We review a district court's control of closing argument for an abuse of discretion. *See Larez v. Holcomb,* 16 F.3d 1513, 1520–21 (9th Cir.1994). In her closing argument, Peterson attempted to set out a theory of FMLA liability that, whatever its ultimate merits, was incompatible with the jury instructions the district court had already approved. Peterson did not object to those instructions, or offer her own that encompassed her theory.

The district court was thus well within its discretion to confine Peterson's closing argument to the legal territory already staked out in the instructions, and indeed had a duty to "prevent any improper arguments" that may have conflicted with the instructions and confused the jury. *See United States v. Spillone,* 879 F.2d 514, 518 (9th Cir.1989).

Therefore, the order of the district court is **AFFIRMED.**